**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN**

---

THE ESTATE OF GAVIN WALLMOW, by its Special
Administrators Matthew and Michelle Wallmow,

     Plaintiff,

        v.                             Case No.: 1:22-cv-318

ONEIDA COUNTY,

     Defendants.

---

**COMPLAINT**

---

NOW COMES THE PLAINTIFF, the Estate of Gavin Wallmow by Matthew and Michelle Wallmow, by its attorneys, Gingras, Thomsen & Wachs by Paul A. Kinne and Bremer & Trollop Law Offices, S.C., by Christine Bremer Muggli, and hereby states the following as its Complaint in the above-referenced matter.

**NATURE OF PROCEEDINGS**

1. This is a civil action under 42 U.S.C. sec. 1983, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, including but not limited to the Substantive Due Process Clause, brought to redress the defendant's deliberate indifference to serious medical conditions, namely suicide and severe mental illness, at the Oneida County Jail, that resulted in the death by suicide of Gavin Wallmow.

**PARTIES**

2. At all times relevant to this action, Gavin Wallmow was an adult resident of the State of Wisconsin. He died on July 8, 2021. Accordingly, his estate, by Special Administrators Matthew and Michelle Wallmow, is the proper plaintiff.

3.      Oneida County is a municipal corporation organized pursuant to the laws of the State of Wisconsin. Oneida County operates the Oneida County Jail.

## JURDISDICTION and VENUE

4.      This court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. sec. 1983, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. secs. 1331 and 1343.

5.      Venue in the Eastern District of Wisconsin pursuant to 28 U.S.C. sec. 1391 is proper insofar as the defendant is in this district, and the events giving rise to the claim took place within this district.

## FACTUAL ALLEGATIONS

6.      Oneida County operates the Oneida County Jail and is responsible for setting policies for the treatment of detainees.

7.      Oneida County is required to establish and implement policies and procedures designed to identify serious medical conditions from which detainees suffer, and it is required to establish and implement policies and procedures for the care and observation of detainees.

8.      On or about July 4, 2021, Gavin Wallmow began a period of incarceration at the Oneida County Jail.

9.      Officials at the Oneida County Jail knew that Gavin Wallmow was suicidal. Wallmow had made comments indicating that he was suicidal.

10.     Additionally, irrespective of whether Gavin Wallmow was suicidal, Gavin

2

Wallmow was seriously mentally ill while in the Oneida County jail.

11.    Despite the knowledge the knowledge of jail personnel that Gavin Wallmow was suicidal, Oneida County personnel failed to monitor Gavin Wallmow for suicide risk.

12.    Despite the knowledge of jail personnel that Gavin Wallmow was seriously mentally ill, Oneida County personnel failed to provide Gavin Wallmow with any medical treatment for his serious mental illness.

13.    On or about July 8, 2021, Gavin Wallmow hanged himself at the Oneida County Jail.

14.    Gavin Wallmow died on July 8, 2021, because of injuries sustained from hanging on July 8.

15.    Oneida County, as a matter of policy, failed to provide staff with adequate training in suicide risk recognition and prevention.

16.    Oneida County, as a matter of policy, failed to provide staff with adequate training in mental illness recognition and treatment.

17.    Oneida County, as a matter of policy, failed to provide sufficient staff to monitor prisoners known to be suicidal.

18.    Oneida County, as a matter of policy, failed to provide medical care to mentally ill patients as well as monitor them sufficiently.

### CAUSE OF ACTION AGAINST ONEIDA COUNTY
### DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
### OFFICIAL CAPACITY CLAIM

19.    Plaintiff states the preceding paragraphs as if set forth fully herein.

20.    Oneida County's knowing failure to have policies, procedures and / or protocols

3

by which suicide risk could be identified and by which suicidal prisoners could be monitored for suicide prevention violated Gavin Wallmow's rights as set forth in the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as such failure demonstrates a deliberate indifference to a known serious medical condition.

21.    Oneida County's knowing failure to have policies, procedures and / or protocols by which inmates suffering from serious mental health issues received prompt medical care violated Gavin Wallmow's rights as set forth in the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as such failure demonstrates a deliberate indifference to a known serious medical condition.

22.    Oneida County's conduct alleged in the previous two paragraphs caused Gavin Wallmow severe and permanent physical, emotional, psychological and economic injuries, including death.

WHEREFORE, the plaintiff demands a trial by jury and the following relief:

1.    Judgment in an amount sufficient to compensate the plaintiff for his injuries and losses;

2.    Equitable relief designed to prevent future violations of the law;

3.    Pre- and post-judgment interest;

4.    An award of attorneys' fees and costs; and

5.    Any other relief the Court deems just to award.

Dated this 14th day of March, 2022.

**GINGRAS THOMSEN & WACHS LLP**
Attorneys for Plaintiff


*s/ Paul A. Kinne*
Paul A. Kinne
State Bar Number: 1021493

8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
Email: kinne@gtwlawyers.com


**BREMER & TROLLOP SC**
Attorneys for Plaintiff


*s/ Christine Bremer Muggli*
Christine Bremer Muggli
State Bar Number: 1006102

2100 Stewart Ave Ste 230
PO Box 539
Wausau WI 54402-0539
Phone: (715) 849-3200
Fax: (715) 842-9770
Email: chris@bremer-law.com